## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON STEINHARDT, ROBERT ASUNCION, JAMES QUANN, MAXIMILLIAN REIS, ELPIDIO SANCHEZ, CONCEPCION SAENZ CAMBRA, RIKARD BANDEBO, and JI WANG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation, d/b/a AUDI OF AMERICA, INC., and AUDI OF AMERICA, LLC, a Delaware Corporation,<br><br>Defendants. | No. 3:23-cv-02291-RK-RLS<br><br>CLASS ACTION<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

WHEREAS, this Court, having carefully reviewed and considered all the filed submissions relating to the proposed Class Settlement of this Action ("Settlement" or "Class Settlement") including the Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement and exhibits thereto (ECF No. 68) and Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees, Expenses, and Class Representative Service Awards (ECF No. 64) (hereinafter the "Motions"), the

1

Parties' Class Settlement Agreement dated February 9, 2024 with exhibits (ECF No. 59-2) ("Settlement Agreement"), the Declaration of Katrina Ashley of Angeion Group, the Claim Administrator (ECF No. 68-2), Defendant's Memorandum of Law in Support of Final Approval and in Response to Requests for Exclusion (ECF No. 69), Plaintiffs' Combined Reply in Support of Unopposed Motion for Final Approval of Class Settlement and Unopposed Motion for Approval of Attorneys' Fees, Expenses, and Class Rrepresenative Service Awards (ECF No. 70), and all other submissions and filings in this Action;

WHEREAS, this Court, having issued its Order Granting Preliminary Approval of Class Action Settlement (ECF No. 63) ("Preliminary Approval Order") which granted preliminary approval of the Class Settlement, provisionally certified, for settlement purposes only, the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); preliminarily appointed the Settlement Class Representatives, Settlement Class Counsel, and the Settlement Claim Administrator; approved the form and content of the Class Notice and Claim Form; approved the Parties' Class Notice Plan set forth in the Settlement Agreement ("Notice Plan") as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; and directed the dissemination of the Class Notice pursuant to the Notice Plan;

WHEREAS, the approved Notice Plan has been effectuated in a timely and proper manner; and

WHEREAS, this Court having held a Final Fairness Hearing on October 7, 2024 and having carefully considered all the submissions, arguments and applicable law, and with due deliberation thereon,

NOW, this Court hereby GRANTS the Motions, and finds, orders, and adjudges as follows:

1.    **Defined Terms of the Settlement Agreement; Incorporation of Settlement Agreement and Exhibits**. Unless otherwise defined herein, the defined terms used in this Order shall have the same definition and meaning as the defined terms set forth in the Settlement Agreement. This Order incorporates and makes a part hereof the Settlement Agreement and including its exhibits.

2.    **Jurisdiction and Venue.** The Court has jurisdiction over the Action and all matters relating to the Settlement. Venue is also proper in this Court.

3.    **Final Approval of the Class Settlement.** The Court hereby grants final approval of the Class Settlement and all the terms and provisions of the Settlement Agreement. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and the applicable law.

4.    **Certification of the Settlement Class.** The Court certifies, for Settlement purposes only, the proposed Settlement Class set forth in the Settlement Agreement and in the Preliminary Approval Order (ECF No. 63). The Court finds that, for the purposes of Settlement, the applicable prerequisites for certification of the proposed Settlement Class under Fed. R. Civ. P 23(a) and 23(b)(3) are fully satisfied, to wit: the Settlement Class is so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. In addition, because this Action is being settled rather than litigated to conclusion, the Court need not consider manageability issues that might be presented by a trial of this action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). *Sullivan v. DB Invs.*, 667 F.3d 273, 302-03 (3d Cir. 2011)(*en banc*); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 519 (3d Cir. 2004).

4

5.      **Notice of the Settlement to the Settlement Class.** The Court finds that the dissemination of the Class Notice to the Settlement Class: (a) was implemented in a timely and proper fashion in accordance with the Parties' approved Notice Plan as set forth in the Settlement Agreement and Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; and (c) in all respects satisfied the requirements of Fed. R. Civ. P. 23(e), the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

6.      **CAFA Notice.** The Court finds that in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Settlement Claim Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General of each State where class members reside and of Puerto Rico. No Attorney General has filed any objection to, or voiced any concern over, the Class Settlement or any of its terms and provisions.

7.      **The Settlement is Fair, Reasonable, and Adequate**. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies Fed. R. Civ. P. 23. The Settlement provides substantial benefits to, and is in the best interests of, the Settlement Class, and is particularly fair, reasonable, and adequate when considering the issues of this case including, but not limited to, the disputed nature of the claims, the potential defenses thereto, the risks of non-recovery

or reduced recovery to the Settlement Class, the risks of inability to certify a class and/or to maintain any class certification through trial and potential appeal if this action is litigated rather than settled, the substantial burdens, time and expense of further litigation, and the delays of any potential recovery associated with the continued litigation of the Action.

8. **The Class Settlement is the Result of Extensive Arm's-Length Negotiation of Highly Disputed Claims by Experienced Class Action Counsel, and is Not the Product of Collusion.** The Court further finds that the Class Settlement was entered into as a result of extensive and adversarial arm's-length negotiations of highly disputed claims among experienced class action counsel on both sides. The Settlement is not the product of collusion, and was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective claims and defenses, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal. In addition, the Court finds that the issues of Class Representative service awards and Class Counsel reasonable attorneys' fees and expenses were not even discussed by the Parties, let alone agreed to, until after agreement had already been reached on the material terms of this Class Settlement, and were, likewise, negotiated at arm's length and without any collusion.

9.      **No Admission of Wrongdoing.** This Class Settlement is a compromise of vigorously disputed allegations and claims. As set forth in the Settlement Agreement, the Court finds that the Settlement, and any documents and submissions relating thereto, do not and shall not constitute a finding of either fact or law regarding the merits of any allegation, claim, fact, issue of law, or defense that was or could have been asserted in this Action. The Court further finds that nothing in this Final Order and Judgment, the Settlement Agreement, the underlying proceedings or negotiations, or any documents, filings, submissions, or statements related thereto, is or shall be deemed, construed to be, or argued as, an admission of, or any evidence of, any allegation, claim, fact, or issue of law that was or could have been asserted in the Action or of any liability, wrongdoing or responsibility on the part of any Defendant or Released Party.

10.     **Appointment of Settlement Class Representatives.** The Court hereby grants final approval and appointment of Plaintiffs Jason Steinhardt, Robert Asuncion, James Quann, Maximilian Reis, Concepcion Saenz Cambra, Rikard Bandebo, and Ji Wang as Representatives of the Settlement Class ("Settlement Class Representatives").[1] The Court finds that said Settlement Class Representatives have

---

[1] Originally named Plaintiff Elpidio Sanchez is not a Settlement Class Member and is hereby dismissed from this action with prejudice.

fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

11.     **Appointment of Settlement Class Counsel.** The Court hereby grants final approval and appointment of Timothy N. Mathews and Alex M. Kashurba of of Chimicles Schwartz Kriner & Donaldson-Smith LLP, and Andrew W. Ferich and Robert Ahdoot of Ahdoot & Wolfson, PC, collectively, as Class Counsel for the Settlement Class ("Settlement Class Counsel" or "Class Counsel"). The Court finds that said Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

12.     **Class Counsel Attorneys' Fees and Expenses, and Service Awards**. Upon consideration of Settlement Class Counsel's Motion for an Award of Attorneys' Fees, Costs and Expenses and for Service Awards to Settlement Class Representatives (ECF 64, the "Motion"), and all papers submitted in support thereofo, the Court hereby finds the amounts reasonable and grants the Motion.

13.     **Appointment of Settlement Claims Administrator.** The Court further grants final approval and appointment of Angeion Group as the Settlement Claims Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

14.     **Objections and Requests for Exclusion.** Settlement Class Members were duly afforded a reasonable and ample opportunity to object to or request

exclusion from the Settlement, and were duly advised of the deadlines and procedures for doing so. Of the approximately 226,900 Settlement Class Members, the Court has received no objections to the Settlement. The Parties have received 28 requests for exclusion from 26 individuals, of which 26 requests from 24 individuals are valid, and 2 are invalid for failure to comply with the requirements for a valid request for exclusion mandated by the Preliminary Approval Order. The court finds that the lack of objections and the very small number of requests for exclusion demonstrate overwhelmingly that the Settlement Class favors the Settlement, and further support that the Class Settlement is fair, reasonable, and adequate, and warranting of final approval by this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS**:

15.   The Court certifies, for the purpose of settlement, the following Settlement Class consisting of:

> All persons and entities who purchased or leased, in the United States or Puerto Rico, certain specified model year 2019-2023 Audi A6, A7, A8 and Q8 vehicles, model year 2020-2023 Audi Q7, RSQ8, S6, S7, S8 and Allroad vehicles, and model year 2021-2023 Audi RS6 and RS7 vehicles, which are specifically designated by Vehicle Identification Number (VIN) in Exhibit 5 to the Settlement Agreement, and which were imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico (hereinafter, the "Settlement Class").
>
> Excluded from the Settlement Class are: (a) all Judges who have presided over the Actions and their spouses; (b) all

9

current officers and directors of Defendants, and their immediate family members; (c) any affiliate, parent, or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company that acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendants or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

16.     The Court hereby grants final approval of the Class Settlement as set forth in the Settlement Agreement and all its terms and provisions. The Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23. Specifically, the Court has carefully analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998), and finds that they support, justify, and warrant final approval of this Class Settlement.

17.     The Court excludes from the Settlement and Release, on the basis of their valid requests for exclusion, the 24 Settlement Class Members who are listed on Exhibit A annexed hereto. The requests for exclusion of the remaining 2

Settlement Class Members—Sands Motor Company and Alla Abdelgani—are hereby denied.

16.    The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

17.    The Parties and all Settlement Class Members are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Defendants and Released Parties contained therein, and the Plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, completely and forever released, acquitted and discharged Defendants and all Released Parties from all Released Claims as set forth in the Settlement Agreement, incorporated herein by reference, except for the 24 persons identified in **Exhibit A** who have timely and properly excluded themselves from the Settlement Class.

18.    The Action is hereby dismissed with prejudice and without costs.

19.    Neither this Settlement, the Settlement Agreement, its negotiations, any agreements, documents, motions, submissions and/or Orders relating thereto, nor this Final Order and Judgment, shall, in any way, constitute, be deemed to constitute, be construed as, or be admissible in any action or proceeding (judicial or otherwise) as: (i) any admission by any Defendant or Released Party as to the merits of any allegation, claim or defense that was or could have been asserted in this Action, (ii)

any evidence, or finding of either fact or law, as to any allegation, claim or defense that was or could have been asserted in the Action, and/or (iii) any admission or evidence of any liability, fault, wrongdoing or responsibility on the part of the Defendants or any Released Party; and (iv) shall not be offered or be admissible as evidence against any Defendant, Released Party, or the Plaintiffs, in any action or proceeding (judicial or otherwise), except as may be necessary to enforce the terms of the Settlement Agreement and/or this Final Order and Judgment.

20.     In the event that any provision of the Settlement or this Final Order and Judgment is asserted by Defendants or any Released Party as a defense (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action or proceeding brought by a Settlement Class Member or any person acting or purporting to act on behalf of any Settlement Class Member(s) in any forum, judicial or otherwise, that claim, suit, action and/or proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

21.     Without further order of this Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and this Order and any obligations thereunder.

22.     Plaintiffs and each and every Settlement Class Member, and any person or entity acting or purporting to act on behalf of any said Settlement Class Member,

12

is/are hereby permanently barred and enjoined from commencing, instituting, pursuing, maintaining, prosecuting, or continuing to pursue, maintain or prosecute, any Released Claim against Defendants and/or any of the Released Parties (including, without limitation, in any individual, class/putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

23.    Without affecting the finality of this Final Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over, and with respect to, the consummation, implementation and enforcement of this Settlement and its terms, including the release of claims therein, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement. This exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other

applicable law, to enforce the above-described bar and injunction against the pursuit, commencement, maintenance, prosecution, and/or continuation of any Released Claim against any Defendant or Released Party.

24.   Class Counsel are hereby awarded attorneys' fees and reimbursement of litigation expenses and costs in the total combined, collective amount of $3,999,000.00, and such amount shall be paid by Defendant pursuant to and consistent with the terms of the Settlement Agreement.

25.   The Settlement Class Representatives, Jason Steinhardt, Robert Asuncion, James Quann, Maximilian Reis, Concepcion Saenz Cambra, Rikard Bandebo, and Ji Wang, are each awarded a Service Award in the amount of $5,000 (except that Plaintiffs Cambra and Bandebo shall only receive one single collective payment of $5,000), and such amounts shall be paid by Defendant pursuant to and consistent with the terms of the Settlement Agreement.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: October 8, 2024

_____
Robert Kirsch
United States District Judge

14

# EXHIBIT A

| *Steinhardt, et al. v. Volkswagen Group of America, Inc., et al.* Valid Exclusions | |
| --- | --- |
| **Class Member** | **VIN (Last 4)** |
| Hydouk Hartenian | 4614 |
| Timothy G. Centola | 7297 |
| Kurt Kefgen | 1622 |
| | 0510 |
| | 5253 |
| Julianne J. Hackett | 4971 |
| John Calianese | 3092 |
| Archie Keskin | 6848 |
| Harun S. Henry | 5434 |
| Robert Ray and Theresa Bonomo Miller | 6450 |
| Sohaib Shaikh | 9070 |
| Odila Garcia | 4788 |
| Andrew Francis | 7662 |
| German Danielian | 7317 |
| Aria Fallah and Sahar Rodfar | 5618 |
| Mikhail Geftar | 8727 |
| Provenance Pictures Inc. and Steven Berger | 1867 |
| Michael Gezalian | 7517 |
| Diana Aklyan | 0064 |
| Page Building Supplies Inc and Pejman Pakravan | 5090 |
| Douglas Lee | 3237 |
| Eric Wehner | 4397 |
| Savina Haas | 7772 |
| Angel Ortega | 6583 |
| Stacy & Melodie Gordon | 1664 |
| Guillermo Da Silva-Montemayor | 9045 |